UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BOYD A. RATHKE,<br><br>   Plaintiff,<br><br> vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | CIV. 08-5084-JLV<br><br>ORDER GRANTING IN PART<br>AND DENYING IN PART<br>AMENDED MOTION FOR<br>EAJA FEES |

On March 26, 2010, the court entered an order (1) reversing the decision of the Commissioner to deny Boyd A. Rathke's application for benefits and (2) remanding the case for further administrative proceedings. (Docket 27). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Mr. Rathke, timely moved for an award of attorney's fees and expenses. (Dockets 30 & 33).[1] Ms. Ratliff seeks an award of $17,840.90 in attorney's fees[2] and $2,295.45 in expenses.[3] The

---

[1]Ms. Ratliff first filed her motion for EAJA fees on April 25, 2010. (Docket 30). Ms. Ratliff filed an amended motion for EAJA fees on June 21, 2010. (Docket 33). Ms. Ratliff's amended motion is substantially similar to her original motion, but includes a discussion of recent United States Supreme Court precedent and its application to this case.

[2]In her original motion, Ms. Ratliff requested an award of attorney's fees in the amount of $17,597.62, representing 108.5 billable hours at the rate of $162.19 per hour. (Docket 30-2 at ¶ 4). In her original reply brief, Ms. Ratliff requested reimbursement for the 1.5 hours spent preparing the reply brief. (Docket 32 at p. 4). Thus, the total amount requested in attorney's fees is $17,840.90, representing 110 billable hours at a rate of $162.19.

Commissioner opposes Ms. Ratliff's motion in its entirety. (Dockets 31 & 36).[4]
For the reasons stated below, the court grants in part and denies in part
Ms. Ratliff's amended motion.

Under the EAJA, a court shall award to a prevailing party, other than the United States, fees and expenses[5] incurred in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party seeking such an award must comply with the following requirements: (1) the party must file an

---

When Ms. Ratliff filed her amended motion for EAJA fees (Docket 33), she did not seek reimbursement for the time spent preparing her original motion. The court believes this to be a mere oversight on Ms. Ratliff's part. Thus, the court finds it proper to award for the time spent preparing the original motion, but declines to award for the time spent preparing the amended motion.

[3]In her original motion, Ms. Ratliff sought an award of expenses totaling $2,280.86, which included $1,200 for the cost of neuropsychological testing, $25 for a brief pulmonary consultation, and $1,055.86 representing 6 percent state and local sales tax on the attorney's fees, if approved. (Docket 30 at p. 1). Because Ms. Ratliff sought an increase in attorney's fees to $17,840.90 (Docket 32 at p. 4), the amount of the sales tax on such an award increases to $1,070.45. Thus, the total amount of expenses requested is $2,295.45.

[4]On May 12, 2010, the Commissioner filed its objections to Ms. Ratliff's original motion for EAJA fees. (Docket 31). When Ms. Ratliff filed her amended motion for EAJA fees, the Commissioner again filed objections, incorporating by reference its earlier objections. (Docket 36). Thus, the court will cite to both filings when necessary.

[5]Fees and expenses include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . . ." 28 U.S.C. § 2412(d)(2)(A).

application for fees and expenses demonstrating the party is the prevailing party and is eligible to receive an award; (2) the party must submit the application within 30 days of final judgment in the case; (3) the party must indicate the amount sought and provide an itemized statement in support thereof; and (4) the party must allege the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B).  "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought."  Id.

The court finds Ms. Ratliff has complied fully with the requirements of the EAJA.  Mr. Rathke is the prevailing party under the court's reversal and remand order and subsequent judgment.  (Dockets 27 & 28).  Ms. Ratliff timely filed a motion for fees and expenses.  (Dockets 30 & 33).  She set forth the amount requested and properly provided an itemized log detailing the actual time expended in this case.  (Docket 35, Exhibit A).[6]

The heart of the parties' dispute centers around the fourth requirement of the EAJA–whether the position of the United States was substantially justified.  The court notes the government at all times bears the burden of proving its position was substantially justified.  Goad v. Barnhart, 398 F.3d

---

[6]For ease of convenience, the court will cite only to Ms. Ratliff's amended memorandum, affidavit, and attached exhibits.  (Dockets 34-35).  The court notes, however, the bulk of this information was provided in support of Ms. Ratliff's original motion.

1021, 1025 (8th Cir. 2005). A social security claimant may be the prevailing party for purposes of the EAJA, yet still not be entitled to an award of fees if the government's position was substantially justified. "A position enjoys substantial justification if it has a clearly reasonable basis in law and fact." Id. A loss on the merits by the government does not create a presumption that it lacked substantial justification for its position. Id. This distinction is explained as follows:

> The district court correctly recognized that "fees are not be awarded just because the Secretary [loses a] case." The Secretary's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. This is so because the substantial evidence and substantial justification standards are different. Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary. Because the standards are "neither semantic nor legal equivalents," the Secretary can lose on the merits of the disability question and win on the application for attorney's fees.

Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (internal citations omitted).

The court finds the government cannot meet its burden in showing substantial justification for its position. The government's position was not well founded in fact or law, as explained in the court's reversal and remand order. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) ("The standard is whether the Secretary's position is 'clearly reasonable, well founded in law *and fact*, solid though not necessarily correct.' ") (emphasis in original) (citation

4

omitted). The administrative law judge ("ALJ") either failed to develop the record or failed to use the correct legal standard on issues crucial to the determination of whether Mr. Rathke is entitled to benefits.

Because the government's position was not substantially justified, an award of fees and expenses under the EAJA is proper. The court next considers whether the total amount requested by Ms. Ratliff is appropriate.

Ms. Ratliff requests an award of attorney's fees at the rate of $162.19 per hour. (Docket 35, Affidavit at ¶ 5). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds reasonable a rate of $162.19 per hour in light of the necessary adjustment for inflation and the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner does not object to the hourly rate of $162.19 for Ms. Ratliff's fees. (Docket 31 at p. 11). However, the Commissioner does object to the total number of hours billed by Ms. Ratliff. Id. at pp. 9-12. Specifically, the Commissioner seeks to reduce the number of billable hours to 40 hours. Id. at p. 11. A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court does not find such a reduction appropriate in this case. The

Commissioner argues the typical number of hours spent in a Social Security case is between 20-40 hours.  (Docket 31 at pp. 9-10).  Mr. Rathke's case is not a typical Social Security case–the procedural history is complicated, the administrative record is extensive, and the magistrate judge's report and recommendation is detailed.  The court has reviewed Ms. Ratliff's time and expense log (Docket 35, Exhibit A) and has considered the parties' arguments on this issue.  The court finds the 110 hours expended by Ms. Ratliff reasonable.

The Commissioner does not object to an award of 6 percent sales tax on the attorney's fees.  (Docket 31 at p. 2).  However, the Commissioner does object to an award of other expenses, namely, $1,200 for neuropsychological testing and $25 for a brief pulmonary consultation.  Id. at p. 2.  The Commissioner argues this testing was conducted after the ALJ issued his decision and, thus, the results of the testing have no bearing on whether Mr. Rathke was disabled as of the date of the ALJ's decision.  Id. at p. 3.  Under the EAJA, the prevailing party may be awarded "the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court *to be necessary for the preparation of the party's case*[.]"  28 U.S.C. § 2412(d)(2)(A) (emphasis added).  Ms. Ratliff indicated she "spent $1,200 to retain an expert to perform neuropsychological testing in support of [Mr. Rathke's] argument that the ALJ failed to develop the evidence of cognitive impairment, and $25 for an expert opinion to determine whether to spend time arguing [Mr. Rathke's] pulmonology impairment."  (Docket 34 at p. 3).  The

6

court finds the neuropsychological testing and pulmonary consultation necessary for the preparation and presentation of Mr. Rathke's appeal.

The court addresses one final matter. In her original motion, Ms. Ratliff requested the government issue a check directly to her. (Docket 30). Shortly thereafter, the United States Supreme Court considered "whether an award of 'fees and other expenses' to a 'prevailing party' under § 2412(d) is payable to the litigant or to his attorney." Astrue v. Ratliff, __U.S.__, 130 S. Ct. 2521 (2010). In considering the plain language of the statute, the Supreme Court held the term "prevailing party" refers to the litigant, not his attorney. Id. at 2526-27. Therefore, the Court held an award of attorney's fees under the EAJA was payable directly to the litigant. Id. at 2529.

In her amended motion, Ms. Ratliff addresses the impact of Ratliff on the case at bar. (Docket 34). Ms. Ratliff continues to advance the position that an EAJA award should be paid directly to her. Id. at pp. 3-4. In support, she points to certain South Dakota statutes governing an attorney's power to receive money claimed by her client. Id. Ms. Ratliff also argues she has a preexisting fee agreement between herself and Mr. Rathke to assign any EAJA award to her. Id. at p. 4; see also Docket 35, Exhibit Federal Fee Agreement.

The court finds Ms. Ratliff's arguments unavailing. The state statutes cited by Ms. Ratliff do not alter the Supreme Court's ruling in Ratliff nor does the existence of a fee agreement. The Court specifically noted "[t]he fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest *or a contractual right* does not establish that the statute

7

'awards' the fees directly to the attorney." Ratliff, 130 S. Ct. at 2526 (emphasis added). In her concurring opinion, in which Justices Stevens and Ginsburg joined, Justice Sotomayor noted "the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." Id. at p. 2530.

Ms. Ratliff next argues the *expenses* incurred in this case should be paid directly to her. (Docket 37 at p. 2). Ms. Ratliff's argument holds little weight in light of Ratliff. The Ratliff Court interpreted the phrase "prevailing party" in § 2412(d)(1)(A) to refer to the litigant. 130 S. Ct. at 2526-27. Section 2412(d)(1)(A) provides for an award to a prevailing party of fees *and other expenses*. Although only attorney's fees were at issue in Ratliff, it hardly seems logical the Supreme Court would interpret the phrase "prevailing party" differently for an award of expenses. The canons of statutory construction do not support such a result. Thus, the court is bound by Supreme Court precedent to order the EAJA award in its entirety be paid directly to Mr. Rathke. In accordance with the above discussion, it is hereby

ORDERED that Ms. Ratliff's amended motion for EAJA fees (Docket 33) is granted in part and denied in part. The court awards $17,840.90 in attorney's fees and $2,295.45 in expenses. The United States forthwith shall issue a check payable directly to Mr. Rathke.

IT IS FURTHER ORDERED that Ms. Ratliff's original motion for EAJA fees (Docket 30) is denied as moot given the filing of the amended motion.

Dated August 23, 2010.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE